United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW DALE POWERS, | No. C 10-365 MHP (pr) |
| Petitioner, | **AMENDED ORDER TO SHOW CAUSE** |
| v. | |
| A. HEDGPETH, warden, | |
| Respondent. | |

## INTRODUCTION

Andrew Dale Powers, currently incarcerated at Salinas Valley State Prison, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

According to the habeas petition, Powers was convicted in Sonoma County Superior Court of first degree murder, burglary, and first degree robbery. On November 8, 2008, Powers was sentenced to life imprisonment without the possibility of parole.

Powers appealed. His conviction was affirmed by the California Court of Appeal in 2008 and his petition for review was denied by the California Supreme Court in 2009. He then filed this action.

/ / /

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) admission of evidence of his statements to police violated his rights under Miranda v. Arizona, 384 U.S. 436 (1966), and his Fifth Amendment privilege not to incriminate himself because the police did not obtain a valid waiver of rights; (2) the prosecutor committed misconduct in playing for the jury an unredacted tape of a telephone conversation between Powers and his family; (3) the trial court erred in denying the claim of ineffective assistance of counsel raised on the motion for new trial. Liberally construed, the allegations are cognizable in a federal habeas action and warrant a response.

## CONCLUSION

For the foregoing reasons,

1.  The petition states cognizable claims for habeas relief and warrants a response.

2.  The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.

3.  Respondent must file and serve upon petitioner, on or before **August 6, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the state court record that have been previously

1  transcribed and that are relevant to a determination of the issues presented by the petition.

2      4. If petitioner wishes to respond to the answer, he must do so by filing a traverse
3  with the court and serving it on respondent on or before **September 10, 2010**.

4      5. Petitioner is responsible for prosecuting this case. He must keep the court
5  informed of any change of address and must comply with the court's orders in a timely
6  fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
7  pursuant to Federal Rule of Civil Procedure 41(b).

8      IT IS SO ORDERED.

9  DATED: July 8, 2010      _____
    Marilyn Hall Patel
    United States District Judge

3