UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW DALE POWERS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>A. HEDGPETH, warden,<br><br>　　　　Respondent.<br>　　　　　　　　　　　　　　　　／ | No. C 10-365 MHP (pr)<br><br>**ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE CASE** |

　　　　Petitioner has filed a request for a stay and abeyance of this action so that he may exhaust state court remedies for some new claims – two insufficient evidence claims and an ineffective assistance of counsel claim – that he wishes to present to this court for federal habeas review. Respondent has not opposed the stay. Upon due consideration, the court GRANTS petitioner's motion to stay and hold these proceedings in abeyance. (Docket # 9.) Liberally construing the motion, it appears that petitioner has shown good cause for his failure to exhaust the claims before filing this action, the claims do not appear patently meritless, and there does not appear to be any intentionally dilatory litigation tactic by petitioner. See Rhines v. Weber, 544 U.S. 269, 277-78 (2005).

　　　　This action is now STAYED and the clerk shall ADMINISTRATIVELY CLOSE the action. Nothing further will take place in this action until petitioner exhausts the unexhausted claims and, within thirty days of doing so, moves to reopen this action, lift the court's stay and amend his petition to add his new claims. When he finishes in state court and moves to reopen, petitioner must clearly identify each claim that has been exhausted in state court.

Petitioner must act diligently to get his state court petition filed and promptly return to federal court after his state court proceedings have concluded.   If petitioner does not return within thirty days of exhausting the unexhausted claims, the action or the unexhausted claims may be dismissed.  See id.; Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir.), cert. denied, 538 U.S. 1042 (2003).  Petitioner also must exercise continuous diligence during the exhaustion process in the state courts.  Imposing these time limits for petitioner to expeditiously get to, through, and back from state court furthers the AEDPA's goals of encouraging finality of judgments and streamlining federal habeas proceedings.  See Rhines, 544 U.S. at 278.

Petitioner's motion for an extension of time to file his traverse is GRANTED in part. (Docket # 17.)  The deadline for petitioner to file and serve a traverse is now VACATED. Because petitioner is now exhausting state court remedies as to additional claims to those already briefed, he should not file a traverse now.  After he exhausts and amends his petition to add those new claims, the respondent will have an opportunity to file an answer to them, and only then will it be time for petitioner to file a single traverse that addresses all of his claims (i.e, the five existing claims plus the three new claims mentioned in his request for a stay).

IT IS SO ORDERED.

DATED: January 7, 2011

Marilyn Hall Patel
United States District Judge

2